UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUIS OSCAR SANCHEZ,

                         Plaintiff,

      v.

DR. JUN, et al.,

                         Defendants.
_____

REPORT & RECOMMENDATION

20-CV-6115G

**PRELIMINARY STATEMENT**

Plaintiff Luis Oscar Sanchez ("Sanchez") initiated this action *pro se* on February 21, 2020, asserting claims pursuant to 42 U.S.C. § 1983. (Docket # 1). By Order of Hon. Frank P. Geraci, Jr., United States District Judge, dated May 5, 2021, all pretrial matters in the above captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 15). On July 12, 2021, this Court issued to Sanchez an Order to Show Cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York. (Docket # 21). Sanchez did not respond to the Order to Show Cause.

As explained in the Order to Show Cause, on May 27, 2021, this Court scheduled a Rule 16 conference to be held on June 17, 2021, at 11:00 a.m., by telephone. (*See* Docket, 05/27/2021 Notice). Notice of the conference, including dial-in instructions, was sent to Sanchez at his docketed address.[1] On June 17, 2021, Assistant Attorney General Matthew D. Brown,

---

[1] Sanchez was incarcerated when he filed his Complaint. (Docket # 1). He was subsequently released and notified the Court of his change of address on March 24, 2020. (Docket # 7). *See* W.D.N.Y. Local Rule 5.2(d) ("a *pro se* litigant must inform the Court immediately, in writing, of any change of address[;] [f]ailure to do so may

counsel for defendants, appeared by telephone for the scheduled conference, but plaintiff did not appear. (Docket # 19). On June 17, 2021, this Court issued an Order rescheduling the telephone conference to July 8, 2021, at 11:00 a.m., and a copy of the Order, including the dial-in instructions for the rescheduled conference, was sent to Sanchez. (Docket # 18). The Order further advised Sanchez that **"should plaintiff fail to appear for the July 8, 2021 telephone scheduling conference, this Court will issue an Order to Show Cause why the case should not be dismissed."** (*Id.*). On July 8, 2021, Mr. Brown appeared for the conference, but Sanchez again failed to appear without notice or excuse. (Docket # 20).

On July 12, 2021, this Court issued the pending Order to Show Cause. (Docket # 21). The Order to Show Cause directed Sanchez to respond by August 6, 2021. (*Id.*). It warned Sanchez, "Failure to comply with this order will result in the recommendation of the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b)." (*Id.*). Sanchez did not respond by the deadline or otherwise contact the Court.

On this record, this Court recommends that the district court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b).

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

---

result in dismissal of the case, with prejudice"). He has not updated his address since then. The Court's orders and correspondence referenced herein have been sent to Sanchez at his address of record, and the Court has received no notice that any have been returned as undeliverable.

Fed. R. Civ. P. 41(b).  Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007 (1966).  In addition, the Local Rules of Civil Procedure for the United States District Court for the Western District of New York provide that "[i]f a civil case has been pending for more than six (6) months and is not in compliance with the directions of the Judge or a Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute."  W.D.N.Y. Local Rule 41(b).

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit.  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law."  *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)).  Dismissal is considered "a harsh remedy to be utilized only in extreme situations."  *See Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted).

Nevertheless, applying these standards, courts frequently have found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [*pro se* plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (*pro se* plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases).

In the case at bar, Sanchez has not communicated with the Court since April 3, 2020, when he filed a motion to proceed *in forma* pauperis. (Docket # 8). He has twice failed to appear for court-ordered telephone conferences. When he first failed to appear, he was warned that if he did not appear at the rescheduled conference, his case could be dismissed. Likewise, the Order to Show Cause warned Sanchez that his failure to respond would result in a recommendation by this Court to dismiss the action. (Docket # 21). Because Sanchez has not complied with the Court's order to appear for a Rule 16 telephone scheduling conference, has not responded to the Order to Show Cause, and has not communicated with the Court in any way in well over one year, his case should be dismissed.

## **CONCLUSION**

For the foregoing reasons, it is the recommendation of this Court that the district court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
November 3, 2021

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**


        *s/Marian W. Payson*
        MARIAN W. PAYSON
        United States Magistrate Judge

Dated: Rochester, New York
      November 3, 2021