UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LUIS OSCAR SANCHEZ,

                                       Plaintiff,                     Case # 20-CV-6115-FPG

v.                                                         DECISION AND ORDER

DR. JUN, et al.,

                                       Defendants.

        On February 21, 2020, Plaintiff Luis Oscar Sanchez initiated this *pro se* action asserting claims pursuant to 42 U.S.C. § 1983. ECF No. 1. The Court referred this case to United States Magistrate Judge Marian W. Payson for all pretrial matters excluding dispositive motions. ECF No. 15.

        On May 27, 2021, the court scheduled a Rule 16 conference to be held on June 17, 2021, at 11:00 a.m., by telephone. On June 17, 2021, counsel for Defendants appeared by telephone for the scheduled conference, but Plaintiff did not appear. *See* ECF No. 19. Judge Payson then rescheduled the telephone conference to July 8, 2021, at 11:00 a.m., and sent a copy of the Order and instructions for calling into the conference to Plaintiff. ECF No. 18. That Order indicated that if Plaintiff failed to appear the Court would issue an Order to Show Cause why the case should not be dismissed. *Id.* Despite the Court's direction, Plaintiff did not appear for the July 8, 2021 conference.

        Accordingly, on July 12, 2021, Judge Payson issued to Plaintiff an Order to Show Cause why the case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Local Rules of Civil Procedure for the Western District of New York. ECF No. 21. The Order directed Plaintiff to respond by August 6, 2021 and warned Plaintiff that the failure to comply with the

Order would result in the recommendation of the dismissal of the action with prejudice pursuant to Fed. R. Civ. P. 41(b). *Id.* Plaintiff did not respond.

On November 3, 2021, Judge Payson issued a report and recommendation ("R&R"), ECF No. 22, recommending that the Court dismiss this action with prejudice. Judge Payson indicated that the parties had 14 days after receipt of the R&R to file objections. *Id.* As of November 22, 2021, the Court has received no objections to the R&R nor has the Court received any requests for extensions of time to object.

Generally, a court reviews portions of an R&R to which a party makes specific objections *de novo*. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). When a party does not object to the R&R, however, the court will review it for clear error. *EEOC v. AZ Metro Distribs., LLC*, 272 F. Supp. 3d 336, 339 (E.D.N.Y. 2017) (quoting *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014)). "When performing such a 'clear error' review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted). After conducting the appropriate review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The Court reviewed Judge Payson's R&R and finds no clear error and therefore accepts and adopts the R&R in its entirety. Accordingly, this case is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  November 22, 2021
       Rochester, New York

_____

HON. FRANK P. GERACI, JR.
United States District Court Judge
Western District of New York